CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAWRENCE PATTERSON, JR., | ) |
| Petitioner, | ) Case No. 7:09CV00398 |
| v. | ) MEMORANDUM OPINION |
| SHERIFF LANE PERRY, COMMONWEALTH OF VIRGINIA, | ) By: Glen E. Conrad<br>) United States District Judge |
| Respondent. | ) |

Petitioner Lawrence Patterson, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Patterson challenges the validity of his confinement pursuant to the June 11, 2009 judgment of the Circuit Court of Henry County, Virginia, under which he stands convicted of obtaining money or property under false pretenses. Upon review of the record, the court finds that the petition must be dismissed without prejudice, because Patterson has not yet exhausted state court remedies.[1]

## Background

The Circuit Court of Henry County sentenced Patterson to five years imprisonment, with four years and three months suspended. He is currently incarcerated at the Henry County Jail. As he was convicted within the territorial jurisdiction of this court, jurisdiction is proper in this court. See 28 U.S.C. § 2241(d).

---

[1] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

In his petition, Patterson raises claims that the probation officer who testified during trial committed perjury and that trial counsel was ineffective in failing to conduct adequate investigation into viable defenses, failing to confront certain "third party verbal testimony," and ignoring petitioner's request not to be called to testify at trial. On the face of his § 2254 petition, Patterson states that his appeal of the challenged conviction and/or sentence is currently pending before the Court of Appeals of Virginia and that he has never filed any petition concerning this conviction in the Supreme Court of Virginia.

## Discussion

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1) and 17.1-411. Finally, the inmate can exhaust by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his

claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254.

In this case, the petition clearly shows that Patterson has not yet presented his habeas claims to the Supreme Court of Virginia as required. Petitioner's failure to exhaust the state remedies mandates summary dismissal of the petition without prejudice,[2] pursuant to Rule 4 of the Rules Governing § 2254 Cases. An appropriate final order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of September, 2009.

*/s/ Glen C. Conrad*
United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). He is also advised, however, that the limitation period in which to file a federal habeas petition does not run while properly filed state court appeals or habeas proceedings are pending. See 28 U.S.C. § 2244(d)(2).